IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALVIN HARPER                    :
                                :
                                :
    v.                          :    Civil Action No. DKC 24-230
                                :
TRANS UNION, LLC                :
                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer privacy case is the motion for judgment on the pleadings filed by Defendant TransUnion, LLC ("Defendant"). (ECF No. 16). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for judgment on the pleadings will be granted.

**I.   Background**

*Pro se* Plaintiff Alvin Harper ("Plaintiff") alleges that Defendant, a credit reporting agency, "violated several codes that regulate[] consumer's [c]redit [f]iles." (ECF No. 5, at 9). Plaintiff's amended complaint is not a model of clarity, and Plaintiff lists multiple statutes under 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), and 15 U.S.C. § 6801 *et seq.*, the Gramm-Leach-Bliley Act ("GLBA"), that Defendant allegedly violated. (*Id.* at 4).

Plaintiff alleges that under 15 U.S.C. § 6801, he has "the right to make sure [his] private information isn't shared." (*Id.* at 6). Plaintiff alleges that Defendant "did not protect [his] private information[,] nor did [Defendant] make [him] aware of what was being put on [his] TransUni[]on [c]redit [f]ile." (*Id.* at 9). He also alleges that, pursuant to 15 U.S.C. § 1681(A)(2), Defendant does not have his consent "to furnish [his nonpublic personal] information." (*Id.*) He further revokes "[a]ny and all consent whether it be verbal, non-verbal, written, implied or otherwise." (*Id.* at 6). Plaintiff alleges that Defendant did not inform him of his right to nondisclosure as required under 15 U.S.C. § 6802(b)(C). (*Id.*). Plaintiff further alleges that Defendant is "reporting again without [his] permission which is against [15 U.S.C. § 1681(C)(A)(5)]." (*Id.* at 9). Lastly, Plaintiff alleges that Defendant "is not maintaining reasonable procedures" as required under 15 U.S.C. § 1681(E), and Defendant is "violating the law." (*Id.* at 6). In the relief section, Plaintiff lists nineteen of his accounts that allegedly were deleted from his TransUnion credit file, and he requests $1,000 "per violation per month," as well as punitive damages. (*Id.* at 7, 9-10).

On January 24, 2024, Plaintiff filed an initial complaint against Defendant. (ECF No. 1). His complaint was dismissed

because it failed to provide Defendant with notice of his claims. (ECF No. 4, at 1). On February 14, 2024, Plaintiff filed an amended complaint, asserting federal question jurisdiction, and alleging violations of multiple provisions of the FCRA and GLBA. (ECF No. 5, at 4, 6). On April 29, 2024, Defendant filed an answer to the amended complaint. (ECF No. 12). On September 9, 2024, Defendant filed a motion for judgment on the pleadings. (ECF No. 16). That same day, Plaintiff was provided with a notice which advised him of the pendency of the motion and his entitlement to respond within twenty-eight (28) days from the date of the letter. (ECF No. 17).[1] To date, Plaintiff has not filed a response to Defendant's motion.

## II. Standard of Review

Fed.R.Civ.P. 12(c) provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for resolving a motion pursuant to Rule 12(c) depends on the nature of the relief being sought. For example, Rule 12(h) permits a defense of failure to state a claim to be raised under Rule 12(c). In that case, the Rule 12(c) standard is the same as for 12(b)(6) motions and a court will only consider the pleadings. *Geoghegan v. Grant*, No. 10-cv-1137-DKC, 2011 WL 673779, at *3 (D.Md. Feb. 17, 2011) (citing

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

*Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002)).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The court "must accept the complaint's factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 469 (4th Cir. 2025) (citing *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024)). A plaintiff's complaint must only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the

4

misconduct alleged." *Mays v. Sprinkle*, 992 F.3d 295, 299-300 (4th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 663).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so[.]" *Carmax Auto Superstores, Inc. v. Sibley*, 194 F.Supp.3d 392, 401 (D.Md. 2016), *aff'd*, 730 F.App'x 174 (4th Cir. 2018). Despite this liberal construction requirement, however, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A plaintiff's *pro se* status neither excuses him of his obligation to state a plausible claim nor transforms the court into his advocate. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). When "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[,]'" dismissal of a *pro se* complaint is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

5

**III. Analysis**

Plaintiff alleges violations of the FCRA, 15 U.S.C. § 1681, 15 U.S.C. § 1681b (A)(2), 15 U.S.C. § 1681C(A)(5), 15 U.S.C. § 1681S-2(A)(1), 15 U.S.C. § 1681E, and violations of the GLBA, 15 U.S.C. § 6801; 15 U.S.C. § 6802(B)(C), as well as a violation of 12 C.F.R. 1016.7.  (ECF No. 5, at 4).

Defendant moves for judgment on the pleadings, arguing that Plaintiff fails to state a claim for any of his claims.  (ECF No. 16-1, at 1-2).

    **A.    FCRA Claims**

    **1.    FCRA § 1681(a)**

Plaintiff attempts to allege that Defendant is in violation of the FCRA, 15 U.S.C. § 1681(a)(4), which states Congress's finding that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." (ECF No. 5, at 6).

Defendant argues that Plaintiff's claim fails because § 1681(a) does not provide a private right of action.  (ECF No. 16-1, at 4).  Defendant is correct.  Section 1681 is not an operative statute upon which claims can be based.  Instead, it simply provides the congressional findings and purpose of the FCRA.  *See, e.g.*, *Young v. Experian Infor. Sols., Inc.*, No. 22-cv-1057-TDC,

6

2022 WL 16540838, at *4 (D.Md Oct. 28, 2022) (stating that § 1681(a)(4) "falls within the part of the FCRA identifying 'Congressional findings and statement of purpose' and thus does not provide a basis for specific cause of action"). Therefore, Defendant's motion for judgment on the pleadings will be granted as to this claim.

### 2. FCRA § 1681b

Plaintiff alleges that Defendant violated 15 U.S.C § 1681b(a)(2) because Defendant did not have Plaintiff's "written consent" to furnish a consumer report with his personal information. (ECF No. 5, at 6). Defendant argues that Plaintiff's claim fails because Defendant is not required to obtain consent prior to preparing a consumer report if it believes that the third party will use it for a permissible purpose. (ECF No. 16-1, at 5).

15 U.S.C. § 1681b(a) states in relevant part:

> Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> . . .
>
> (2) In accordance with the written instructions of the consumer to whom it relates.
> (3) To a person which it has reason to believe—
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be

7

>           furnished and involving the extension of
>           credit to, or review or collection of an
>           account of, the consumer; or
>           (B) intends to use the information for
>           employment purposes; or
>           (C) intends to use the information in
>           connection with the underwriting of insurance
>           involving the consumer; or
>           (D) intends to use the information in
>           connection with a determination of the
>           consumer's eligibility for a license or other
>           benefit granted by a governmental
>           instrumentality required by law to consider an
>           applicant's financial responsibility or
>           status; or
>           (E) intends to use the information, as a
>           potential investor or servicer, or current
>           insurer, in connection with a valuation of, or
>           an assessment of the credit or prepayment
>           risks associated with, an existing credit
>           obligation; or
>           (F) otherwise has a legitimate business need
>           for the information—
>           (i) in connection with a business transaction
>           that is initiated by the consumer; or
>           (ii) to review an account to determine whether
>           the consumer continues to meet the terms of
>           the account.

Plaintiff states in a conclusory fashion that Defendant does not have his "consent to furnish this information and they sure do not have [his] written consent." (ECF No. 5, at 6). Although one way in which a consumer reporting agency may lawfully furnish a consumer report is with the consumer's written permission, there are multiple other permissible reasons for a consumer reporting agency to furnish a consumer report. *See* § 1681b(a)(3). Plaintiff has not alleged any facts to show that Defendant furnished his report under an unpermitted circumstance. Therefore, Plaintiff

8

fails to state a claim, and Defendant's motion for judgment on the pleadings will be granted as to this claim.

### 3. Other FCRA Claims

Plaintiff raises three more FCRA claims: 15 U.S.C. §§ 1681c(a)(5), 1681e(a), and 1681s-2(a)(1)(A). Although Defendant does not specifically address these FCRA claims, Defendant moves for judgment on the pleadings as to Plaintiff's entire amended complaint.

Plaintiff attempts to allege a violation of the FCRA § 1681c(a)(5) by simply quoting the statute that "no consumer reporting agency may make any consumer report containing any of the following items of information[ . . . ] [a]ny other adverse item of information, other than records of convictions of crimes . . . " (ECF No. 5, at 6). Plaintiff then concludes, without pleading any facts, that "[t]his account is an adverse [i]tem[] they are reporting again without [his] permission which is against the law." (*Id.*). Even construing this allegation broadly, Plaintiff has not included sufficient facts "that allow[] the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

Plaintiff also attempts to allege that Defendant violated 15 U.S.C. § 1681s-2(a)(1)(A) by quoting the statute, which states

9

that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." (ECF No. 5, at 6). Plaintiff, however, does not allege any facts in support of his allegation, and moreover, this provision does not provide a private right of action. *McMillan v. Templin*, No. 22-cv-1675-JKB, 2023 WL 3996477, at *10 (D.Md. June 14, 2023) (quoting *Ausar-El v. Barclay Bank Del*, No. 12-CV-0082-PJM, 2012 WL 3137151, at *2 (D.Md. July 31, 2012) (finding that this provision does not provide a private right of action because "FCRA makes clear that federal and state authorities have exclusive enforcement powers over § 1681s-2(a)")).

Plaintiff also attempts to allege a claim under 15 U.S.C. §1681e(a), by quoting a part of the statute which states that "[e]very consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." (ECF No. 5, at 6). Plaintiff alleges that "Trans[U]nion is not maintaining reasonable procedures that are violating the law." (*Id.*). Once again, Plaintiff does not allege any facts to support his claim that Defendant was not maintaining reasonable procedures under the FCRA, or that Defendant furnished his report in violation of

10

§ 1681b. As a result, Plaintiff fails to state a claim under any of these subsections, and Defendant's motion for judgment on the pleadings will be granted as to these claims.

### B. GLBA Claims

Plaintiff alleges Defendant violated 15 U.S.C. § 6802(b)(C) because Plaintiff was not informed of his non-disclosure option prior to Defendant sharing his information. (ECF No. 5, at 6). Plaintiff also alleges that 15 U.S.C. § 6801 gives him the "right to make sure that [his] private information isn't shared," because the statute provides that "[i]t is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." (*Id.*) (quoting 15 U.S.C. § 6801(a)).

Defendant argues that Plaintiff is not entitled to non-disclosure, and that 15 U.S.C. § 1681(h)(e) bars litigants from bringing an invasion of privacy claim against credit reporting agencies. (ECF No. 16-1, at 7).

Plaintiff's claims under the GLBA must be dismissed because the GLBA does not provide a private right of action. *Lyles v. Medicredit, Inc.*, No. 21-CV-0789-TDC, 2021 WL 6501328, at *2 (D.Md. Oct. 12, 2021) (citation modified) (finding that the plaintiff's HIPAA and GLBA "claims fail as a matter of law because neither

11

statute creates a private right of action"); *Waypoint Mgmt. Consulting, LLC v. Krone*, No. 19-CV-2988-ELH, 2022 WL 2528465, at *61 (D.Md. July 6, 2022) (collecting cases and stating that "[a]lthough '[s]everal agencies,' including the SEC, 'are tasked with enforcing the GLBA's provisions, . . . the statute does not confer on consumers a right to sue for violations of its provisions.'" (quoting *Lyles v. U.S. Ret. & Benefit Partners*, No. 21-CV-1165-PX, 2021 WL 5233751, at *4 (D.Md. Nov. 10, 2021))). Therefore, Plaintiff's GLBA claims must be dismissed, and Defendant's motion for judgment on the pleadings will be granted as to these claims.

Lastly, Plaintiff includes 12 C.F.R. § 1016.7 in the list of statutes that are at issue in this case, but he does not mention this regulation again or allege any facts to explain his allegation. Accordingly, to the extent Plaintiff attempts to bring a claim under 12 C.F.R. § 1016.7, he fails to state a claim, and the claim will be dismissed.[2]

---

[2] In its motion for judgment on the pleadings, Defendant requests attorneys' fees and costs without any analysis or argument. (ECF No. 16-1, at 8). Under the FCRA, a court shall grant attorneys' fees to the prevailing party if the court finds that "an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment." 15 U.S.C. §§ 1681n(c), 1681o(b). Defendant has not shown, nor has it attempted to show, that attorneys' fees are appropriate under the statute. Accordingly, its request for attorneys' fees will be denied.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for judgment on the pleadings will be granted.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge